DAVID GOLUBCHIK (State Bar No. 185520)
CARMELA T. PAGAY (State Bar No. 195603)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234
Facsimile:   (310) 229-1244
Email: DBG@LNBYG.COM; CTP@LNBYG.COM

Proposed Attorneys for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CPIF LA Arts District LLC, a Washington limited liability company,<br><br>　　　Debtor and Debtor in Possession. | Case No.: 2:25-bk-12827<br>Chapter 11 Case<br><br>**STIPULATON REGARDING USE OF CASH COLLATERAL**<br><br>[No hearing required] |

1

  CPIF LA Arts District LLC, a Washington limited liability company, the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), on the one hand, and Greyhawk Colyton Lender, LLC (the "Secured Creditor," and together, with the Debtor, the "Parties"), on the other hand, hereby enter into this stipulation for use of cash collateral as follows:

  1. On April 7, 2025 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its financial affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

  2. The Debtor's affiliate CPIF California, LLC ("CPIF California") provided financing to a borrower, on a secured basis, junior to the Secured Creditor's predecessor in interest, East West Bank, for that certain mixed use project located at 1129 and 1101 East 5th Street, 445-457 South Colyton Street, and 450-456 South Seaton Street, Los Angeles, CA 90013. consisting of one tax parcel totaling ±1.05 acres or ±45,722 square feet improved with a mixed-use property. The mixed-use property is 91,200 square feet which consists of nine retail units on the ground-floor and 13 apartments/lofts on the 2nd floor of the Property (the "Property"). Based on the borrower's default of its obligations to CPIF California, CPIF California commenced the nonjudicial foreclosure process to foreclose on the Property. Prior to the foreclosure sale, CPIF California transferred its interest in its secured loan, including the beneficial interest under the applicable deed of trust being foreclosed under, to the Debtor. The borrower's interest in the Property was foreclosed upon, with the Debtor having the winning bid, and the Property was transferred to the Debtor, subject to the first- and second-priority liens of the Secured Creditor.

  3. The Debtor asserts that, based on an appraisal dated as of January 15, 2025, the value of the Property is $22,600,000. The Secured Creditor has not yet had the opportunity to obtain a more recent appraisal of the Property and reserves all rights with respect to the issue of the value of the Property.

1       4.     The Debtor's foreclosure sale took place on February 21, 2024. At the time, the Secured Creditor had scheduled foreclosure sales of the Property under its deeds of trusts for March 19 and 21, 2024. However, after its foreclosure, the Debtor used its best efforts to monetize the Property while negotiating a foreclosure forbearance agreement and extensions thereunder with the Secured Creditor. Although numerous extensions were reached, the Parties were unable to reach an agreement to further postpone the foreclosure sales scheduled for April 8 and 10, 2025. In order to preserve and maximize the value of the Property, the Debtor determined that the commencement of this case was necessary and proper.

      5.     The Debtor currently leases various units of the Property to tenants, and the rents paid by such tenants constitute substantially all of the Debtor's gross income. However, based on numerous vacancies at the Property, the Property is operating at a negative cash flow basis. In order to maintain and preserve the value of the Property, the Debtor's affiliate has been infusing funds, as necessary, as capital contributions. The Debtor intends to continue to fund such shortfalls during the pendency of this case until the Property is monetized and the secured debts owed to the Secured Creditor are satisfied.

      6.     The Secured Creditor's first- and second-priority deeds of trust against the Property include an assignment-of-rents provision, and the Secured Creditor has been granted a security interest in the "rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property." The Debtor advised the Secured Creditor that, in order to maintain and preserve the Property for the benefit of all constituents, the Debtor requires use of cash collateral ("Cash Collateral") in accordance with the budget ("Budget") attached hereto as **Exhibit "A"**. The Secured Creditor has agreed to consent to the Debtor's use of Cash Collateral pursuant to the terms and conditions of this Stipulation.

Based on the foregoing, the Parties hereby stipulate, and agree as follows:

A.     The Debtor may use Cash Collateral in the ordinary course of business for the line items identified in the Budget and incorporated herein by reference, provided that it shall not use Cash Collateral in any amount (a) in excess of 15% of any line item for any given

3

month; and (b) in excess of 15% of the total aggregate budget for any given month (collectively, the "Variances"). Variances may be increased by amounts necessary to fund the operation of the Property with the Secured Creditor's prior written consent or order of the Court.

B. The Debtor shall provide the Secured Creditor with no less than three (3) business days' written notice of any proposed use of any funds held by Debtor that will exceed the Variances under the Budget or with respect to expenses not included in the Budget. If the Secured Creditor objects to any such expenditure prior to the date of the proposed use of funds, the Debtor shall not use such funds without further order of the Court or the Secured Creditor's written consent. Notwithstanding the foregoing, in the event of an urgency (e.g., unexpected emergency repair) which requires action on shorter notice than provided above, the Debtor shall provide such shorter notice to Secured Creditor with a requested turnaround time and the Parties shall work together in good faith to address any such issues.

C. Replacement Lien. The Secured Creditor is hereby granted a replacement lien in the Debtor's assets acquired or generated postpetition of the same type and class that the Secured Creditor was entitled to immediately prior to this bankruptcy filing (expressly excluding, however, any claims or recoveries of the Debtor under Chapter 5 of the Bankruptcy Code) (the "Replacement Lien").

D. Filing/Recordation. The Replacement Lien and security interest granted herein are valid, enforceable and fully perfected, and no filing or recordation or any other act in accordance with any applicable local, state or federal law is necessary to create or perfect such lien and security interest; provided, however, that upon request of the Secured Creditor, the Debtor shall execute such security and perfection documentation as may be reasonably required to create or perfect such liens under applicable non-bankruptcy law, including without limitation, UCC-1 financing statements, UCC-3 continuation statements (for existing pre-petition security interests), and notice to depository banks.

E. Single Asset Real Estate Case. The Property constitutes "single asset real estate" as that term is defined in Section 101(51B) of the Bankruptcy Code and, as a result, the Debtor

4

constitutes a "single asset real estate" debtor. The Parties request the Court to enter an order concluding that the Debtor is a "single asset real estate" debtor as that term is defined in Section 101(51B) of the Bankruptcy Code and determining that the Debtor is subject to Section 362(d)(3) of the Bankruptcy Code.

F.  <u>No Waiver</u>.  Nothing contained in this Stipulation shall be deemed or construed to waive, reduce or otherwise diminish the rights of the Secured Creditor or the Debtor under any financing documents or applicable bankruptcy and non-bankruptcy laws.

**IT IS SO AGREED.**

Dated: April 9, 2025                              CPIF LA Arts District LLC

By: */s/ David Golubchik*
   DAVID GOLUBCHIK
   CARMELA T. PAGAY
   LEVENE, NEALE, BENDER, YOO
      & GOLUBCHIK L.L.P.
   Proposed Attorneys for Debtor and
   Debtor in Possession

Dated: April 9, 2025                              GREYHAWK COLYTON LENDER, LLC

By: _____
   DAVID R. ZARO
   MATTHEW PHAM
   ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
   Attorneys for Greyhawk Colyton Lender, LLC

**EXHIBIT A**

**Cash Flow Projections - 13 Weeks**
CPIF LA Arts Disctrict, LLC

| | Week 1 | Week 2 | Week 3 | Week 4 | Week 5 | Week 6 |
|---|---|---|---|---|---|---|
| Starting Date | 4/7/2025 | 4/14/2025 | 4/21/2025 | 4/28/2025 | 5/5/2025 | 5/12/2025 |
| Ending Date | 4/13/2025 | 4/20/2025 | 4/27/2025 | 5/4/2025 | 5/11/2025 | 5/18/2025 |
| **Starting Cash** | **$36,316.51** | **$39,481.65** | **$37,346.79** | **$34,011.93** | **$28,677.06** | **$15,163.51** |
| COMMERCIAL RENTS | | | | | | |
| Rent - Office | $0.00 | $0.00 | $0.00 | $0.00 | $1,542.00 | $0.00 |
| Rent - Retail | $5,300.00 | $0.00 | $0.00 | $0.00 | $5,300.00 | $0.00 |
| TOTAL COMMERCIAL RENTS | $5,300.00 | $0.00 | $0.00 | $0.00 | $6,842.00 | $0.00 |
| TOTAL PROPERTY MAINT. & REPAIRS | $70.00 | $70.00 | $70.00 | $70.00 | $225.81 | $4,025.81 |
| TOTAL SAFETY | $0.00 | $0.00 | $0.00 | $0.00 | $12,789.00 | $0.00 |
| TOTAL MAINTENANCE | $70.00 | $70.00 | $70.00 | $70.00 | $13,014.81 | $4,025.81 |
| TOTAL ADMIN & GENERAL | $70.00 | $70.00 | $70.00 | $2,070.00 | $360.61 | $360.61 |
| MANAGEMENT FEES | $0.00 | $0.00 | $0.00 | $0.00 | $5,000.00 | $0.00 |
| TOTAL MANAGEMENT FEES | $70.00 | $70.00 | $70.00 | $2,070.00 | $5,360.61 | $360.61 |
| TOTAL UTILITIES | $456.40 | $456.40 | $456.40 | $456.40 | $441.68 | $441.68 |
| MISC EXPENSES | $1,538.46 | $1,538.46 | $1,538.46 | $1,538.46 | $1,538.46 | $1,538.46 |
| LEASING COMMISSIONS PER BUDGET | $0.00 | $0.00 | $1,200.00 | $1,200.00 | $0.00 | $0.00 |
| Total Expenses | $2,134.86 | $2,134.86 | $3,334.86 | $5,334.86 | $20,355.56 | $6,366.56 |
| Cash Flow After Operations | $39,481.65 | $37,346.79 | $34,011.93 | $28,677.06 | $15,163.51 | $8,796.95 |
| Capital Contributions | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $13,000.00 |
| **Ending Cash Balance** | **$39,481.65** | **$37,346.79** | **$34,011.93** | **$28,677.06** | **$15,163.51** | **$21,796.95** |

Cash Flow After Operations - Starting Cash + Total Commercial Rents - Total Expenses
Capital Contributions - owner contributions to fund operations
Ending Cash Balance - Cash Flow After Operations + Capital Contributions

| Week 7 | Week 8 | Week 9 | Week 10 | Week 11 | Week 12 | Week 13 |
|---|---|---|---|---|---|---|
| 5/19/2025 | 5/26/2025 | 6/2/2025 | 6/9/2025 | 6/16/2025 | 6/23/2025 | 6/30/2025 |
| 5/25/2025 | 6/1/2025 | 6/8/2025 | 6/15/2025 | 6/22/2025 | 6/29/2025 | 7/6/2025 |
| $21,796.95 | $19,230.39 | $16,663.83 | $14,581.97 | $12,447.11 | $10,312.25 | $21,177.38 |
| | | | | | | |
| $0.00 | $0.00 | $1,542.00 | $0.00 | $0.00 | $0.00 | $1,542.00 |
| $0.00 | $0.00 | $5,300.00 | $0.00 | $0.00 | $0.00 | $5,300.00 |
| $0.00 | $0.00 | $6,842.00 | $0.00 | $0.00 | $0.00 | $6,842.00 |
| | | | | | | |
| $225.81 | $225.81 | $70.00 | $70.00 | $70.00 | $70.00 | $67.74 |
| $0.00 | $0.00 | $12,789.00 | $0.00 | $0.00 | $0.00 | $12,789.00 |
| $225.81 | $225.81 | $12,859.00 | $70.00 | $70.00 | $70.00 | $12,856.74 |
| $360.61 | $360.61 | $2,070.00 | $70.00 | $70.00 | $70.00 | $67.74 |
| $0.00 | $0.00 | $5,000.00 | $0.00 | $0.00 | $0.00 | $5,000.00 |
| $360.61 | $360.61 | $7,070.00 | $70.00 | $70.00 | $70.00 | $5,067.74 |
| $441.68 | $441.68 | $456.40 | $456.40 | $456.40 | $456.40 | $441.68 |
| $1,538.46 | $1,538.46 | $1,538.46 | $1,538.46 | $1,538.46 | $1,538.46 | $1,538.46 |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,000.00 |
| $2,566.56 | $2,566.56 | $21,923.86 | $2,134.86 | $2,134.86 | $2,134.86 | $21,904.62 |
| | | | | | | |
| $19,230.39 | $16,663.83 | $1,581.97 | $12,447.11 | $10,312.25 | $8,177.38 | $6,114.76 |
| $0.00 | $0.00 | $13,000.00 | $0.00 | $0.00 | $13,000.00 | $13,000.00 |
| $19,230.39 | $16,663.83 | $14,581.97 | $12,447.11 | $10,312.25 | $21,177.38 | $19,114.76 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled: **Stipulation Regarding Use Of Cash Collateral** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 9, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- David B Golubchik    dbg@lnbyg.com, dbg@lnbyg.com
- David Samuel Shevitz    David.S.Shevitz@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **April 9, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Allen Matkins Leck Gamble Mallory & Natsis LLP
David Zaro
Matthew Pham
865 South Figueroa Street, 28th Floor
Los Angeles, CA 90017

☐ Service list attached

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 9, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 9, 2025 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    **F 9013-3.1.PROOF.SERVICE**