DAVID GOLUBCHIK (State Bar No. 185520)
CARMELA T. PAGAY (State Bar No. 195603)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; CTP@LNBYG.COM

Proposed Attorneys for Debtor and Debtor in Possession

**FILED & ENTERED**

**APR 10 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY evangeli  DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CPIF LA Arts District LLC, a Washington limited liability company,<br><br>      Debtor and Debtor in Possession. | Case No.: 2:25-bk-12827<br>Chapter 11 Case<br><br>**ORDER APPROVING STIPULATON REGARDING USE OF CASH COLLATERAL**<br><br>[No hearing required] |

1

This Court, having considered that certain "*Stipulation For Use Of Cash Collateral*" ("Stipulation"), ECF No. 8, entered into by CPIF LA Arts District LLC, a Washington limited liability company, the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), and Greyhawk Colyton Lender, LLC (the "Secured Creditor," and together, with the Debtor, the "Parties"), the entire record in this case, having determined that the circumstances of this case warrant the approval of the Stipulation on a final basis, and other good cause appearing,

**IT IS HEREBY ORDERED** as follows:

1. The Stipulation is approved;

2. The Debtor may use Cash Collateral, as that term is defined in the Stipulation, in the ordinary course of business for the line items identified in the Budget, as that term is defined in the Stipulation, provided that it shall not use Cash Collateral in any amount (a) in excess of 15% of any line item for any given month; and (b) in excess of 15% of the total aggregate budget for any given month (collectively, the "Variances"). Variances may be increased by amounts necessary to fund the operation of the Property (as that term is defined in the Stipulation) with the Secured Creditor's prior written consent or order of the Court.

3. The Debtor shall provide the Secured Creditor with no less than three (3) business days' written notice of any proposed use of any funds held by Debtor that will exceed the Variances under the Budget or with respect to expenses not included in the Budget. If the Secured Creditor objects to any such expenditure prior to the date of the proposed use of funds, the Debtor shall not use such funds without further order of the Court or the Secured Creditor's written consent. Notwithstanding the foregoing, in the event of an urgency (e.g., unexpected emergency repair) which requires action on shorter notice than provided above, the Debtor shall provide such shorter notice to Secured Creditor with a requested turnaround time and the Parties shall work together in good faith to address any such issues.

4. Replacement Lien. The Secured Creditor is hereby granted a replacement lien in the Debtor's assets acquired or generated postpetition of the same type and class that the Secured

Creditor was entitled to immediately prior to this bankruptcy filing (expressly excluding, however, any claims or recoveries of the Debtor under Chapter 5 of the Bankruptcy Code) (the "<u>Replacement Lien</u>").

      5.    <u>Filing/Recordation</u>.  The Replacement Lien and security interest granted herein are valid, enforceable and fully perfected, and no filing or recordation or any other act in accordance with any applicable local, state or federal law is necessary to create or perfect such lien and security interest; provided, however, that upon request of the Secured Creditor, the Debtor shall execute such security and perfection documentation as may be reasonably required to create or perfect such liens under applicable non-bankruptcy law, including without limitation, UCC-1 financing statements, UCC-3 continuation statements (for existing pre-petition security interests), and notice to depository banks.

      6.    <u>Single Asset Real Estate Case</u>.  The Property, as that term is defined in the Stipulation, constitutes "single asset real estate" as that term is defined in Section 101(51B) of the Bankruptcy Code and the Debtor constitutes a "single asset real estate" debtor for all purposes in connection with this case and is subject to Section 362(d)(3) of the Bankruptcy Code.

### # # #

Date: April 10, 2025

Sheri Bluebond
United States Bankruptcy Judge