**FILED & ENTERED**

APR 16 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:25-bk-12827-BB |
| **CPIF LA Art District LLC, a Washington Limited Liability Company,** | Chapter 11 |
| **Debtor(s)** | ORDER SETTING SCHEDULING AND CASE MANAGEMENT CONFERENCE |
| | <u>Hearing</u>: |
| | Date:    June 4, 2025 |
| | Time:    10:00 A.M. |
| | Place:   255 E. Temple Street, Ctrm: 1539, 15th fl |
| | Los Angeles, CA 90012 |

**PLEASE TAKE NOTICE** that, pursuant to 11 U.S.C. Section 105(d), the Court will conduct a status conference in the above case at the place and time set forth above.

**PLEASE TAKE FURTHER NOTICE** that, based upon the Court's records and evidence presented at the status conference, the Court may do one or more of the following at the status conference (or at any continued hearing) without further notice:

1. dismiss the case;

2. convert the case to another chapter;

3. order the appointment of a chapter 11 trustee;

4. establish deadlines for the filing of claims, requests for payment of expenses of administration and/or objections to claims;

5. set deadlines for filing or soliciting acceptances of a proposed plan and disclosure statement by the debtor or any other party in interest;

6. fix the scope and format of the notice to be provided regarding the hearing on approval of the disclosure statement;

7. provide that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan;

8. set a deadline for confirmation of a plan;

9. set deadlines for compliance with reporting and other chapter 11 debtor in possession requirements;

10. set deadlines for the assumption or rejection of executory contracts or unexpired leases; and/or

11. refer matters to mediation.

**PLEASE TAKE FURTHER NOTICE** that, whether the debtor files its schedules and statements using the 100 series (for individual debtors) or the 200 series (for non-individual debtors), the forms are mandatory and must be executed under penalty of perjury. Any disclaimers, reservations, caveats, general notes or exceptions that debtors or their counsel may append to or include in such forms are ineffective to alter the duty of care or the level of detail required in connection with the preparation of these forms and do not create or preserve any rights that would not otherwise have existed in the absence of such language.

**IT IS HEREBY ORDERED** as follows:

1. The debtor in possession (or the chapter 11 trustee, if one has been appointed), shall serve a copy of this order on the United States Trustee, all secured creditors, the official committee of unsecured creditors and its counsel (or the 20 largest unsecured creditors, if no committee has been appointed) and any parties that have requested special notice in the cases not less than **21 days** prior to the date scheduled for the status conference;

2. The debtor in possession (or the chapter 11 trustee, if one has been appointed) shall file with the court and serve on the parties identified in the preceding paragraph not less than **14 days** prior to the date scheduled for the status conference a written status report that includes the following information:

    a. a brief description of the debtor's businesses and operations, if any, and the principal assets and liabilities of each estate;

    b. brief answers to these questions:

        1. What precipitated the bankruptcy filing?
        2. What does the debtor hope to accomplish in this chapter 11 case?
        3. What are the principal disputes or problems likely to be encountered during the course of the debtor's reorganization efforts?
        4. How does the debtor recommend that these disputes be resolved and why?
        5. Has the debtor complied with all of its duties under 11 U.S.C. Sections 521, 1106 and 1107 and all applicable guidelines of the Office of the United States Trustee, and, if not, why not?
        6. Do any parties claim an interest in cash collateral of the debtor?
        7. Is the debtor using cash that any party claims as its cash collateral and, if so, on what date(s) did the debtor obtain an order authorizing the use of such cash or the consent of such party?

    c. the identity of all professionals retained or to be retained by the estate, the dates on which applications for the employment of such professionals were filed or submitted to the United States Trustee, the dates on which orders were entered in response to such applications, if any, and a general description of the type of services to be rendered by each or the purpose of the employment;

d. in operating cases, evidence regarding projected income and expenses for the first six months of the case;

e. proposed deadlines for the filing of claims and objections to claims;

f. a proposed deadline for the filing of a plan and disclosure statement; and

g. a discussion of any significant unexpired leases and executory contracts to which the debtor is a party and the debtor's intentions with regard to these leases and contracts.

###

Date: April 16, 2025

Sheri Bluebond
United States Bankruptcy Judge