DAVID B. GOLUBCHIK (State Bar No. 185520)
CARMELA T. PAGAY (State Bar No. 195603)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; CTP@LNBYG.COM

Attorneys for Debtor and Debtor in Possession

FILED & ENTERED

DEC 10 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli   DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CPIF LA ARTS DISTRICT LLC, a Washington limited liability company,<br><br>Debtor and Debtor in Possession. | Case No.: 2:25-bk-12827-BB<br>Chapter 11 Case<br><br>**ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN, AS MODIFIED**<br><br>**Plan Confirmation Hearing:**<br>Date:  November 19, 2025<br>Time:  11:00 a.m.<br>Place: Courtroom 1539<br>          Roybal Federal Building<br>          255 East Temple Street<br>          Los Angeles, CA 90012 |

On November 19, 2025, at 11:00 a.m., the Honorable Sheri Bluebond, United States Bankruptcy Judge for the Central District of California (the "Court") held a hearing (the "Hearing") in Courtroom 1539 on the 15th Floor of the Edward R. Roybal Federal Building and United States Courthouse located at 255 East Temple Street, Los Angeles, California 90012, to consider the confirmation of the *Debtor's First Amended Chapter 11 Plan. as Modified* [Doc 60] (the "Plan") filed by CPIF LA Arts District LLC, a Washington limited liability company (the

1

"<u>Debtor</u>"), the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "<u>Case</u>"). Appearances were made as set forth on the record of the Court at the Hearing.

In support of, opposition to, or in connection with, the Plan, the parties in interest filed the following, and the Court read and considered the same, in conjunction with plan confirmation pursuant to 11 U.S.C. § 1129:

  (i)  The Plan;

  (ii)  The *Notice of: (1) Dates and Deadlines re: Confirmation of the Debtor's First Amended Chapter 11 Plan, as Modified; and (2) Continued Chapter 11 Status Conference* [Doc 68] (the "<u>Notice</u>");

  (iii)  *Greyhawk Colyton Lender, LLC's Objection to Confirmation of Debtor's First Amended Chapter 11 Plan, as Modified* [Doc 70] (the "<u>Objection</u>");

  (iv)  *Debtor's Reply to Greyhawk Colyton Lender, LLC's Objection to Confirmation of Debtor's First Amended Chapter 11 Plan, as Modified; Declaration of Kevin Quinn in Support* [Doc 71];

  (v)  *Supplemental Declaration of Kevin Quinn in Support of Debtor's Reply to Greyhawk Colyton Lender, LLC's Objection to Confirmation of Debtor's First Amended Chapter 11 Plan, as Modified* [Doc 72]; and

  (vi)  *Notice of Errata re Supplemental Declaration of Kevin Quinn in Support of Debtor's Reply to Greyhawk Colyton Lender, LLC's Objection to Confirmation of Debtor's First Amended Chapter 11 Plan, as Modified* [Doc 73].

In addition to the foregoing pleadings, documents, and evidence, the Court considered the record in the Case, the docket in the Case, and the oral arguments of counsel made on the record at the Hearing. The Court may consider the cumulative record and evidence amassed throughout the case in confirming a plan. *In re Acequia, Inc.*, 787 F.2d 1352, 1359 (9th Cir. 1986).

Upon consideration of the foregoing, the Court's finding that notice of the Plan and Hearing and the time fixed for filing objections to confirmation of the Plan was proper and

adequate under applicable rules and the circumstances of the Case and no further notice is necessary or appropriate prior to entry of this Order confirming the Plan (the "Plan Order"), and the Court's finding that all the requirements for confirmation of the Plan and approval of the sale transaction provided for therein (the "Sale") have been met and satisfied, and other good cause appearing,

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1. The Plan and each of its provisions, as modified by this Plan Order, is APPROVED and CONFIRMED pursuant to 11 U.S.C. § 1129(a). Any capitalized terms contained herein that are not otherwise defined have the meanings ascribed to them in the Plan.

2. The Plan is confirmed as to Classes 1, 2, 3, and 4, none of which is impaired, pursuant to 11 U.S.C. § 1129(a)(8)(B).

3. The Objection is OVERRULED in part as reflected herein.

4. The terms of the Plan are incorporated by reference into and are an integral part of this Plan Order. The failure to specifically include any particular provision of the Plan in this Plan Order will not diminish the effectiveness of such provision or constitute a waiver thereof, it being the intent of the Court that the Plan is confirmed in its entirety and incorporated herein by reference, unless specifically modified by this Plan Order.

5. The provisions of the Plan that define the effective date of the Plan (the "Effective Date") are hereby deleted and replaced with the following:

> The Effective Date shall be the earlier of (a) the first business day which is at least two (2) business days after both of the following occur: (i) the date of entry of the Plan Order; and (ii) closing of the sale transaction contemplated under the Plan; or (b) January 16, 2026. The Debtor, following the Effective Date, shall be referred to as the "Reorganized Debtor."

6. Except as expressly provided in this Plan Order, the Plan and its provisions shall be binding upon the Debtor, the Reorganized Debtor, any individual or entity acquiring or

receiving property or a distribution under the Plan and any holder of a claim against the Debtor, including all governmental entities, whether or not the claim of such holder is impaired under the Plan and whether or not such holder has accepted the Plan. Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a) and the provisions of this Plan Order, the Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

7. The Purchase and Sale Agreement [Doc 60] ("PSA") between the Debtor and DTLA Management Corporation, a California corporation ("DMC"), as amended and modified by the First Amendment to and Assignment of Purchase and Sale Agreement [Docs 72 and 73] ("Amendment" and collectively with PSA, the "Sale Documents"), is approved in its entirety.

8. The Debtor is authorized to proceed with the Sale of the mixed-use project located at 1129 and 1101 East 5th Street, 445-457 South Colyton Street, and 450-456 South Seaton Street, Los Angeles, CA 90013, (the "Property") pursuant to the Sale Documents, and to have the Sale close, upon entry of this Plan Order.

9. The Debtor is authorized to sell the Property to DTLA Property Group, LLC (the "Buyer"), as the designated assignee of DMC pursuant to the Sale Documents, for the sum of $12,500,000[1] (the "Purchase Price"), and the Sale shall be free and clear of any liens, claims, or interests claimed or held by any party in or against the Property (the "Interests") in accordance with §§ 363(f)and/or 1123 and 1129 of the Bankruptcy Code (other than those Interests expressly retained under the Sale Documents), which Interests shall attach to the proceeds of the Sale of the Property (the "Sale Proceeds") with the same validity, lien and other priority, force and effect and subject to the same defenses as existed prior to the Sale's closing date (the "Closing Date").

10. The Property's legal description is as follows:

**For APN/Parcel ID(s): 5163-025-009**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS: LOTS 19 THROUGH 24 INCLUSIVE IN BLOCK "C" OF F.P. HOWARD AND CO'S SUBDIVISION OF THE

---

[1] The Purchase Price is subject to the credit at closing as set forth in the Amendment.

BLISS TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 12, PAGE 42, OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 5163-025-009.

11. The Sale of the Property to the Buyer under the Plan and the Sale Documents constitutes a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and laws of all applicable jurisdictions, including, without limitation, the laws of the jurisdiction in which the Property is located.

12. Upon closing of the Sale, this Plan Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of all of the Debtor's estate's rights, title and interest in the Property pursuant to the terms of the Plan and the Sale Documents, free and clear of any and all Interests (other than those expressly retained under the Sale Documents), which Interests attaching to the Sale Proceeds with the same validity, priority, force and effect and subject to the same defenses as existed prior to the Closing Date.

13. Upon the closing of the Sale, the transfer of the Property to the Buyer shall vest the Buyer with all right, title and interest of the Debtor and its estate in and to the Property, free and clear of all Interests (other than those expressly retained under the Sale Documents), with all such Interests attaching to the Sale Proceeds with the same validity, priority, force and effect and subject to the same defenses as existed prior to the Closing Date. All holders of Interests fall within one or more subsections of § 363(f) of the Bankruptcy Code and are adequately protected by having their respective Interests attach to the Sale Proceeds.

14. Upon the closing of the Sale and receipt of their respective distribution(s) under the Plan, each of the Debtor's creditors and any other holder of an Interest is authorized and directed to execute such documents and take all other actions as may be necessary to release its Interests in the Property, if any, as such Interests may have been recorded or may otherwise exist.

15. Upon the closing of the Sale, this Plan Order: (a) shall be effective as a determination that, except for those Interests expressly retained under the Sale Documents, at closing of the Sale, all Interests have been released, discharged and terminated as to the Property being sold (but, for the avoidance of doubt, such Interests are not released, discharged or terminated as to the Sale Proceeds), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Property. For the avoidance of doubt, the Interests released, discharged, and terminated as to the Property upon the closing of the Sale pursuant to this paragraph and attaching to the Sale Proceeds, if applicable, include, without limitation, the following (collectively, the "<u>Secured Obligations</u>") as set forth in the Preliminary Title Report attached hereto as **Exhibit "A"**:

   a. **Item 6** - An unrecorded lease with certain terms, covenants, conditions and provisions set forth therein as disclosed by the document Entitled: Memorandum of Lease and Subordination Agreement
   Recording Date: July 25, 2008
   Recording No.: 20081332797, of Official Records

   b. **Item 7** - A deed of trust to secure an indebtedness in the amount shown below:
   Amount: $4,600,000.00
   Dated: August 5, 2011
   Recording Date: August 22, 2011
   Recording No.: 20111127688, of Official Records

   A substitution of trustee under said deed of trust
   Recording Date: February 17, 2023
   Recording No.: 20230105347, of Official Records

`   A notice of default under the terms of said trust deed
Recording Date: February 17, 2023
Recording No: 20230105348, of Official Records

An assignment of the beneficial interest under said deed of trust which names:
Recording Date: July 3, 2023
Recording No.: 20230433273, of Official Records

A collateral assignment of the beneficial interest, which names
Assignee: East West Bank, a California banking corporation
Recording Date: July 3, 2023
Recording No.: 20230433275, of Official Records

A notice of trustee's sale under said deed of trust
Executed by: First American Title Insurance Company
Time and Place of Sale: April 10, 2025 at 11:00 AM, at: Behind the fountain located in Civic Center Plaza, 400 Civic Center Plaza, Pomona CA
Recording Date: March 7, 2025
Recording No.: 20250146217, of Official Records

    c.    **Item 8** - An assignment of all the moneys due, or to become due as rental, as additional security for the obligations secured by deed of trust shown as item no. 7
Recording Date: August 22, 2011
Recording No.: 20111127689, of Official Records

An assignment of the beneficial interest under said deed of trust which Names Greyhawk Colyton Lender, LLC, a Delaware limited liability company
Recording Date: July 3, 2023
Recording No.: 20230433274, of Official Records

    d.    **Item 9** - Matters contained in that certain document
Entitled: Hazardous Substances Certificate and Indemnity Agreement
Dated: August 5, 2011
Recording Date: August 22, 2011
Recording No.: 20111127690, of Official Records
Reference is hereby made to said document for full particulars.

    e.    **Item 10** - deed of trust to secure an indebtedness in the amount shown below,
Recording Date: August 18, 2014
Recording No.: 20140861710, of Official Records

An agreement to modify the terms and provisions of said deed of trust as therein provided

Recording Date: February 14, 2017
Recording No.: 20170181538, of Official Records

An agreement to modify the terms and provisions of said deed of trust as therein provided
Recording Date: November 27, 2018
Recording No.: 20181187880, of Official Records

A substitution of trustee under said deed of trust which names, as the substituted trustee, the following
Trustee: First American Title Insurance Company
Recording Date: February 17, 2023
Recording No.: 20230105371, of Official Records
A notice of default under the terms of said trust deed
Recording Date: February 17, 2023
Recording No: 20230105372, of Official Records

An assignment of the beneficial interest under said deed of trust which names:
Assignee: Greyhawk Colyton Lender, LLC, a Delaware limited liability company
Recording Date: July 3, 2023
Recording No.: 20230433276, of Official Records

A collateral assignment of the beneficial interest, which names
Assignee: East West Bank, a California banking corporation
Recording Date: July 3, 2023
Recording No.: 20230433278, of Official Records
and Re-Recording Date: August 22, 2023
and Re-Recording No.: 20230557203, of Official Records

A notice of trustee's sale under said deed of trust
Executed by: First American Title Insurance Company
Time and Place of Sale: April 10, 2025 at 11:00 AM, at: Behind the fountain located in Civic Center Plaza, 400 Civic Center Plaza, Pomona
Recording Date: March 7, 2025
Recording No.: 20250146242, of Official Records

  f. **Item 11** – An assignment of all the moneys due, or to become due as rental, as additional security for the obligations secured by deed of trust shown as item no. 10
Recording Date: August 18, 2014
Recording No.: 20140861711, of Official Records

An assignment of the beneficial interest under said deed of trust which names:
Assignee: Greyhawk Colyton Lender, LLC, a Delaware limited liability company

8

          Recording Date: July 3, 2023
Recording No.: 20230433277, of Official Records

   g.    **Item 12** -  A financing statement as follows:
Recording Date: March 20, 2019
Recording No.: 20190247250, of Official Records

A change to the above financing statement was filed
Nature of Change: Continuation
Recording Date: November 7, 2023
Recording No.: 20230762371, of Official Records

A change to the above financing statement was filed
Nature of Change: Assignment to CPIF LA Arts District, LLC
Recording Date: February 5, 2024
Recording No.: 20240078945, of Official Records

   h.    **Item 13** -  A financing statement
Recording Date: March 20, 2019
Recording No.: 20190247251, of Official Records
A change to the above financing statement was filed
Recording Date: February 5, 2014
Recording No.: 20240078946, of Official Records

A change to the above financing statement was filed
Nature of Change: Assignment to CPIF LA Arts District, LLC
Recording Date: February 5, 2024
Recording No.: 20240078946, of Official Records

   i.    **Item 14** -  Matters contained in that certain document
Entitled: Environmental Indemnity Agreement
Recording Date: April 4, 2019
Recording No.: 20190294994, of Official Records

   j.    **Item 15** -   An instrument entitled Covenant and Agreement Regarding Maintenance of Building on Air Space Lots
Recording Date: December 21, 2020
Recording No.: 20201699711, of Official Records

   k.    **Item 16** -  An instrument entitled Master Covenant and Agreement
Recording Date: December 21, 2020
Recording No.: 20201699712, of Official Records

   l.    **Item 17** -  An instrument entitled Covenant and Agreement
Recording Date: December 21, 2020
Recording No.: 20201699713, of Official Records

16. The Debtor is authorized and empowered to execute and deliver on behalf of the estate any and all documents as reasonably may be necessary to implement the terms of the Sale of the Property to the Buyer.

17. In connection with the Sale closing, unless otherwise agreed to and provided by the Debtor, each party that asserts an Interest and seeks payment at closing of the Sale from the Sale Proceeds, shall provide to the escrow agent a payment demand, with a copy to the Debtor and Debtor's counsel, which, unless an objection to that party's claim is filed with the Court in the Case, shall be paid at closing by escrow. In the event that an objection to a party's claim is filed, the undisputed portion of that party's claim shall be paid from escrow, and Sale Proceeds in the amount of the disputed portion of that party's claim shall remain in escrow and subject to the Interest asserted by that party, pending further order of this Court.

18. Upon the closing of the Sale, the Debtor is authorized, through escrow, to pay the undisputed portion of the following claims, costs and expenses:

   a. Cost of closing of the Sale including, without limitation, escrow, title and recording fees;
   b. Commissions owed to real estate broker(s) related to the Sale;
   c. Outstanding property taxes with respect to the Property through the date of closing of the Sale;
   d. Notice of assessment in favor of City of Los Angeles recorded November 3, 2011 with Inst. No. 20111495120;
   e. The claims of Greyhawk Colyton Lender, LLC ("GCL") pursuant to its first and second-priority deeds of trust against the Property [Inst. Nos. 20111127688 and 20140861710], upon submission of payment demands by GCL; and
   f. Any and all other fees and costs related to the sale transaction.

19. The *Order re: Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362* entered on October 14, 2025 in favor of GCL [Doc 65] remains in effect through the Effective Date.

20. If the Sale of the Property does not close by January 16, 2026, effective on January 17, 2026, (a) the automatic stay under 11 U.S.C. § 362(a) and any injunction under the Plan or this Plan Order is terminated as to the Property, such that GCL may immediately and without further order of this Court enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, and (b) the stay as provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure or otherwise is waived.

21. After the Effective Date, existing equity will remain in place and manage the Reorganized Debtor, to the extent necessary.

22. The Reorganized Debtor shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan. The Reorganized Debtor, as disbursing agent, shall serve without bond and shall not receive compensation for its disbursement services under the Plan.

23. On the Effective Date, any and all leases or executory contracts that the Debtor has an interest in will be deemed rejected.

24. Any objections to claims shall be filed not later than 30 days after the Effective Date.

25. All claims, causes of action and avoidance actions of the Debtor and its estate are preserved by the Plan, and the Reorganized Debtor shall have full power and authority to settle, adjust, retain, enforce or abandon any claim, cause of action or avoidance action as the representative of the Debtor's estate under § 1123(b) of the Bankruptcy Code or otherwise, regardless of whether such claims, causes of action or avoidance actions were commenced prior or subsequent to the Effective Date.

26. Pursuant to § 1146(c) of the Bankruptcy Code, the issuance, transfer or exchange of a security, or the making or delivery of an instrument of transfer under the Plan confirmed

under § 1129 of the Bankruptcy Code, may not be taxed under any law imposing a stamp tax or similar tax. Transfers under the Plan, including, without limitation, transfer of the Property to Buyer pursuant to the Sale Documents, are exempt from taxes under § 1146(c) of the Bankruptcy Code include, without limitation, all transfers by the Debtor after the commencement of the Case in contemplation of the Plan. The taxes from which such transfers are exempt include, without limitation, stamp taxes, recording taxes, sales and use taxes, transfer taxes, and other similar taxes, including, without limitation, Measure ULA tax related to the Sale of the Property pursuant to the Sale Documents.

27. On and after the Effective Date, the Reorganized Debtor shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

28. On the Effective Date, all property of the estate revests in the Reorganized Debtor. In addition, on the Effective Date, all of the claims against and/or interests in third parties that constitute property of the estate shall be revested in the Reorganized Debtor. Following the Effective Date, the Reorganized Debtor shall have absolute authority to prosecute, waive, adjust or settle any such claims without the need for approval by the Court. Following the Effective Date, the Reorganized Debtor shall have the authority to employ such professionals as it deems necessary to prosecute or defend such claims asserted without the need for Court approval.

29. Any conflict between the terms of this Plan Order and the Plan shall be resolved in favor of this Plan Order.

30. The Debtor shall file post-confirmation status report, supported by a declaration, with the Court on January 23, 2026, and the Court shall hold a post-confirmation status conference on February 4, 2026, at 11:00 a.m.

31. As this is a liquidating plan, as set forth in Article III, Section A, of the Plan, pursuant to 11 U.S.C. section 1141(d)(3)(A), the Debtor is not entitled to a discharge in this chapter 11 case notwithstanding confirmation of the Plan.

**IT IS SO ORDERED.**

### ###

Date: December 10, 2025

Sheri Bluebond
United States Bankruptcy Judge

**AGREED:**

GREYHAWK COLYTON LENDER, LLC

BY: _____
DAVID R. ZARO
MATTHEW D. PHAM
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
Attorneys For Greyhawk Colyton Lender, LLC

3